# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| AMANDA TAYLOR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:18-CV-00701-DGK |
| ) | |
| VITAMIN COTTAGE NATURAL FOOD ) | |
| MARKETS, INC. a/k/a NATURAL ) | |
| GROCERS BY VITAMIN COTTAGE, et al., ) | |
| ) | |
| Defendant. ) | |

### ORDER DENYING PLAINTIFF'S MOTION TO REMAND, GRANTING DEFENDANT THEBEAU AND PHILLIPS' MOTION TO DISMISS, AND GRANTING IN PART DEFENDANT VITAMIN COTTAGE'S PARTIAL MOTION TO DISMISS AND STRIKE CERTAIN ALLEGATIONS FROM THE COMPLAINT

This lawsuit alleges Defendants Vitamin Cottage Natural Food Markets Inc. ("Vitamin Cottage"), Anthony Thebeau ("Thebeau"), and Ernest Phillips ("Phillips") wrongfully discriminated and retaliated against Plaintiff Amanda Taylor in violation of the Missouri Human Rights Act, Mo. Rev. Stat. § 213.010, *et seq*. ("MHRA").

Now before the Court is Plaintiff's motion to remand (Doc. 10), Thebeau and Phillips' motion to dismiss (Doc. 5), and Vitamin Cottage's partial motion to dismiss and strike certain allegations from the complaint (Doc. 3). Because Plaintiff's sex discrimination and retaliation claims prior to October 23, 2017, are untimely and because individuals cannot be personally liable under the MHRA for acts occurring after August 28, 2017, the Court DENIES Plaintiff's motion to remand, GRANTS Thebeau and Phillip's motion to dismiss, and GRANTS IN PART Vitamin Cottage's partial motion to dismiss and strike certain allegations from the complaint.

## Background

On May 9, 2017, Plaintiff filed a charge of discrimination with the Missouri Commission

on Human Rights ("MCHR"), alleging:

> I was hired on or about December 7, 2014. I was working [as] the Produce Manager until in or about January 2017 when I was forced into the position of Dairy/Frozen Manager because of medical restrictions related to my disability. I made a complaint on or about March 20, 2017 that I was forced into my new position because of my pregnancy. On or about May 8, 2017, I was written up.
>
> I believe I was forced to take a new assignment and disciplined because of my sex (female, pregnancy) and disciplined in retaliation for complaining about employment discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, and the Pregnancy Discrimination Act of 1978.

(Doc. 1-2). On May 24, 2017, Plaintiff filed a second charge of discrimination with the MCHR, which stated:

> I started working for Natural Grocers on or about December 7, 2014. I was working as the Produce Manager until on or about January 2017 [when] I was forced into the position of Dairy/Frozen Manager by Tony Thebeau because of medical restrictions due to my pregnancy. As a result, I made a complaint on or about March 20, 2017, that I was forced into my new position because of my pregnancy. On or about May 8, 2017, I was written up.
>
> I believe I was forced to take a new assignment and disciplined because of my sex (female), my pregnancy, and disability or perceived disability and disciplined in retaliation for complaining about employment discrimination in violation of the Missouri Human Rights Act.

(Doc. 10-1).

On May 25, 2017, the MCHR issued Plaintiff a right-to-sue letter ("First RTS") on her first filed charge, instructing: "you have the right to bring a civil action within 90 days of the date of this letter against the respondent(s) named in the complaint" (Doc. 1-3). In bold, capitalized letters, the First RTS specified, "**IF YOU DO NOT FILE A CIVIL ACTION IN STATE CIRCUIT COURT RELATING TO THE MATTERS ASSERTED IN YOUR COMPLAINT WITHIN 90 DAYS OF THE DATE OF THIS NOTICE, YOUR RIGHT TO SUE IS LOST**." Plaintiff did not file suit within 90 days.

On November 28, 2017, Plaintiff filed a third charge with the MCHR, which claimed:

2

> I previously filed charges of discrimination against the above named respondents on or about [sic] for gender (pregnancy) and disability discrimination. Since beginning with Natural Grocers management has known about my inability to work morning shifts, due to familial obligations, and they have always worked with me to accommodate this. Only now, after returning from pregnancy leave (on October 23, 2017) and filing two charges of discrimination, my previously requested "late-starts" pose a problem. Furthermore, I was never informed (until returning from pregnancy leave) that after a three week "transition" I would be scheduled "per business needs" and the previous accommodation would be taken away.
>
> Obviously, this "change" was further retaliation against me for asserting my legal rights under the Missouri Human Rights Act. Finally, after giving the proper notice that I would not be able to work an unfairly scheduled morning shift, I was terminated.

(Doc. 1-4). On May 31, 2018, the MCHR issued Plaintiff two right-to-sue letters: one for Plaintiff's second charge ("Second RTS") and one for Plaintiff's third charge ("Third RTS") (Doc. 10-2; Doc. 20-1).

Plaintiff, a Missouri citizen, filed a two-count complaint on July 31, 2018, in the Circuit Court of Jackson County, Missouri, claiming Defendants violated the MHRA by discriminating against Plaintiff based on her sex (Count I) and retaliating against her for engaging in a protected activity (Count II). Vitamin Cottage, a Colorado corporation with its principal place of business in Colorado, along with Thebeau and Phillips, Missouri citizens, timely removed this action to federal court.

## Standard of Review

After a civil action is removed under 28 U.S.C. 1441(b), "a defendant may avoid remand by demonstrating that the plaintiff fraudulently joined a non-diverse party to avoid removal." *McCarthy Bldg. Co., Inc. v. RSUI Indem. Co.*, No. 4:10-CV-02063-AGF, 2011 WL 3847401, at *7 (E.D. Mo. Aug. 30, 2011). "Fraudulent joinder occurs when a plaintiff files a frivolous or illegitimate claim against a nondiverse defendant solely to prevent removal." *Id.* "If there is a 'colorable' cause of action – that is, if the state law *might* impose liability on the resident defendant

3

under the facts alleged – then there is no fraudulent joinder." *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 810 (8th Cir. 2003) (emphasis in original). "To prove that a plaintiff fraudulently joined a non-diverse defendant, the defendant seeking removal must prove that the plaintiff's claim against the defendant whose presence destroys diversity has 'no reasonable basis in fact and law.'" *McCarthy Bldg. Co.*, 2011 WL 3847401, at *7 (quoting *Knudson v. Sys. Painters, Inc.*, 634 F.3d 969, 977 (8th Cir. 2011)).

A complaint may be dismissed if it fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing the complaint, the court construes it liberally and draws all reasonable inferences from the facts in the plaintiff's favor. *Monson v. Drug Enforcement Admin.*, 589 F.3d 952, 961 (8th Cir. 2009). The court generally ignores materials outside the pleadings but may consider materials that are part of the public record or materials that are necessarily embraced by the pleadings. *Miller v. Toxicology Lab. Inc.*, 688 F.3d 928, 931 (8th Cir. 2012).

Rule 12(f) of the Federal Rules of Civil Procedure provides that a Court may strike from any pleading "redundant, immaterial, impertinent, or scandalous matter." A district court enjoys liberal discretion under Rule 12(f), but motions to strike are disfavored by the courts and are infrequently granted. *See Lunsford v. United States*, 570 F.2d 221, 229 (8th Cir. 1977). "Normally, a motion to strike will not be granted unless the language in the pleading has no relation to the controversy and is clearly prejudicial." *Reed v. City of Springfield, Mo.*, No. 6:05-CV-3133-SWH, 2006 WL 8435715, at *1 (W.D. Mo. May 3, 2006).

### Discussion

Plaintiff claims Thebeau and Phillips' Missouri citizenship precludes diversity jurisdiction.

Thebeau and Phillips counter that they are fraudulently joined, alleging that Count I of Plaintiff's Complaint is untimely and that the MHRA bars Plaintiff from bringing Count II against them as individuals. Vitamin Cottage likewise asserts that Count I is untimely.

I. **Plaintiff's motion to remand is denied because the Court has subject matter jurisdiction over this case.**

As an initial matter, Plaintiff's assertion that this Court must remand because it does not have subject matter jurisdiction is unavailing. True, were Thebeau and Phillips proper parties to this lawsuit, this Court would not be allowed to exercise diversity jurisdiction over this case.

But, as discussed below, Plaintiff's claims against Thebeau and Phillips fail as a matter of law. Plaintiff's joinder of these defendants is therefore fraudulent and does not deprive the Court of jurisdiction. "The doctrine of fraudulent joinder allows a district court to assume jurisdiction over a facially nondiverse case temporarily and, if there is no reasonable basis for the imposition of liability under state law, dismiss the nondiverse party from the case and retain subject matter jurisdiction over the remaining claims." *Murphy v. Aurora Loan Servs., LLC*, 699 F.3d 1027, 1031 (8th Cir. 2012).

II. **Thebeau and Phillips' motion to dismiss is granted, and Vitamin Cottage's partial motion to dismiss and to strike certain allegations is granted in part.**

   A. **Count I is dismissed against all Defendants because it is untimely.**

Section 213.111 of the Revised Statutes of Missouri requires a plaintiff alleging discrimination in violation of the MHRA to file suit within ninety days of the issuance of a right-to-sue letter from the MCHR. Mo. Rev. Stat. § 213.111.1 ("Any action brought in court under this section shall be filed within ninety days from the date of the commission's notification letter to the individual."). Upon issuance of a notice of the right to sue, the statute requires the Commission to "terminate all proceedings relating to complaint" and precludes the filing or

5

reinstating of a complaint relating to the "same practice or act." Mo. Rev. Stat. § 213.111.1.

Plaintiff concedes that she did not file suit within ninety days of her First RTS letter but argues this action is timely because she filed this claim within ninety days of the Second RTS letter. Defendants respond that Plaintiff's second charge relates to the same practice or act as the first charge and has no effect on this action.

The Court concludes the second charge relates to the same practice and act of discrimination alleged in the first charge. The language of the first charge closely mirrors the language in the second charge, and the underlying acts in each charge – the change in Plaintiff's managerial assignment and retaliation for complaining about the change – are the same. *Compare* first charge, Doc. 1-2 ("I was working [as] the Produce Manager until in or about January 2017 when I was forced into the position of Dairy/Frozen Manager because of medical restrictions related to my disability) *with* second charge, Doc. 10-1 (I was working as the Produce Manager until on or about January 2017 [when] I was forced into the position of Dairy/Frozen Manager by Tony Thebeau because of medical restrictions due to my pregnancy"); *compare* first charge, Doc. 1-2 ("I made a complaint on or about March 20, 2017 that I was forced into my new position because of my pregnancy. On or about May 8, 2017, I was written up") *with* second charge, Doc. 10-1 ("As a result, I made a complaint on or about March 20, 2017, that I was forced into my new position because of my pregnancy. On or about May 8, 2017, I was written up").

Because the charges relate to the same underlying acts, the MCHR lost jurisdiction over the second charge once it issued the First RTS letter.[1] Mo. Rev. Stat. § 213.111.1. This is because section 213.111 requires the MCHR to "terminate all proceedings relating to" a charge after the issuance of a right-to-sue letter. Mo. Rev. Stat. § 213.111.1. Therefore, "the MCHR does not have

---

[1] Indeed, unlike the First RTS, the Second RTS specifically stated in bold print that "**determinations of jurisdiction[] ha[d] not been completed**" (Doc. 10-2).

the authority to assume jurisdiction over a second complaint concerning incidents with respect to which the MCHR has already issued a right-to-sue notice." *Evans v. Ford Motor Co.*, 2:17-CV-00497-NKL, 2017 WL 4125762, at *3 (Mo. W.D. Sept. 18, 2017); *Malone v. Target Corp.*, No. 4:10-CV-0508-REL, 2011 WL 1131108, at *3 (Mo. W.D. Mar. 28, 2011) ("The statute is clear that once a right-to-sue letter has been issued, the MCHR can do no more with respect to the complained-of discriminatory actions.").

Given the duplicative nature of the charges, Plaintiff's second charge does not toll her already time-barred claims. *See Evans*, 2017 WL 4125752, at *3 ("Because the second charge related to the same acts described in the first charge, the second charge was unauthorized under Section 213.111 and therefore can have no effect in this action."). As the MCHR warned Plaintiff in her First RTS, her failure to file suit within ninety days renders any claims "relating to the matters asserted in [her] complaint" untimely (Doc. 1-3).

Count I of Plaintiff's Complaint (Doc. 1-6) must therefore be dismissed against all Defendants. To the extent any allegations of retaliation in the first charge are pursued under Count II, those claims must also be dismissed.

**B. The MHRA bars Count II against Thebeau and Phillips.**

Consequently, the only operative charge applicable to Plaintiff's retaliation claim (Count II) is her third charge, which alleges that after she returned from her pregnancy in October 2017, Defendants retaliated against her by refusing to accommodate her preferred schedule and terminating her employment (Doc. 1-4). But on August 28, 2017, the MHRA was amended to eliminate individual liability for employment discrimination and retaliation claims. S.B. 43, 99th Gen. Assemb., 1st Reg. Sess. (Mo. 2017) ("Currently, persons acting in the interest of employers are considered employers under the MHRA and are each liable for discriminatory practices. This

act modified the definition of employer to exclude such individuals."). The MHRA now provides that the definition of employer, "… shall not include … (c) An individual employed by an employer." Mo. Rev. Stat. § 213.010(8) (2017). Because the complained of retaliation occurred after the amendment took effect, Plaintiff is foreclosed from asserting MHRA employment related claims that accrued after August 28, 2017, against Thebeau and Phillips. Hence, Count II must be dismissed against Thebeau and Phillips.

    **C. The Court refuses to strike Plaintiff's Complaint because the allegations provide context and background to Plaintiff's suit.**

Given the Court's dismissal of Count I against all Defendants as untimely and Count II against Thebeau and Phillips as contrary to law, Plaintiff may only pursue her retaliation claim to the extent it is based on the allegations in her third charge of discrimination, *i.e.*, acts occurring after October 23, 2017, against Vitamin Cottage. Anticipating this ruling, Vitamin Cottage moves to strike any material in the Complaint related to the alleged sex discrimination and retaliation occurring prior to October 23, 2017.

The Court denies this request because Vitamin Cottage fails to explain how any material in the Complaint relating to discrimination allegedly occurring prior to October 2017 is prejudicial, and this information provides "context and background to [Plaintiff's] suit." *Stanbury Law Firm v. I.R.S.*, 221 F.3d 1059, 1063 (8th Cir. 2000) (finding the district court abused its discretion in striking law firm's pleadings because the facts provided background to the underlying complaint). Indeed, Vitamin Cottage itself asserts, "To the extent Plaintiff references any alleged prior report regarding her sex, gender, or pregnancy to support her retaliation claim, Defendant does not object to their use in Plaintiff's petition" (Doc 4, p. 5 n.1). Even though some of these facts relating to Plaintiff's first charge of sex discrimination and retaliation may not be admissible as evidence, these portions are simply not sufficiently irrelevant or prejudicial to merit redrafting the

8

Complaint. Given the law's disfavor of striking allegations from a Complaint and the fact that Plaintiff's prior report of alleged discrimination and retaliation is relevant to her retaliation claim from October 2017, the Court declines Vitamin Cottage's request to strike Plaintiff's Complaint.

## Conclusion

For the foregoing reasons, Count I is dismissed against all Defendants, and Count II is dismissed against Thebeau and Phillips. Plaintiff may only pursue Count II to the extent it alleges claims of retaliation occurring on or after October 23, 2017.

Because Plaintiff has failed to state any claim against Thebeau and Phillips, their motion to dismiss is GRANTED, and Plaintiff's motion to remand is DENIED. Further, Vitamin Cottage's partial motion to dismiss and strike certain allegations is GRANTED IN PART.

**IT IS SO ORDERED.**

Date: January 10, 2019         /s/ Greg Kays
                               GREG KAYS, CHIEF JUDGE
                               UNITED STATES DISTRICT COURT